# IN COMMON PLEAS OF LUZERNE CO

### LANCE, JR., v. PETTEBONE.

1. While it is well settled that the same person cannot be both WITNESS AND JUDGE, either in a civil or criminal cause which is on trial before him, and, also, that it is good ground for the impeachment of a judge, who, having been subpœnæd and made acquainted with matters involved in a case, and of the expected materiality of his testimony, still persists in trying it, yet, the doctrine has never been so far recognized as to warrant a party, or his counsel, who desired to FORCE a continuance of a cause, or to accomplish any other ILLEGITIMATE purpose in connection with it, to subpœna a judge merely for the attainment of such an end.

Rule for a new trial.

Opinion by Harding P. J.

The circumstances which gave rise to this rule are *more* than singular, they ought to be known. The case itself was begun in this court, December 31st, 1875, or more than three years ago. It first appeared on the trial list for February Term, 1878; it appeared again on the list for April Term, 1878; again for September Term, 1878; and lastly, for October Term of the same year. During all the time from its commencement up to October 15th 1878, when it was disposed of, I had been in this county and, indeed, was upon the bench when some of the continuances were had. At October Term, 1878, it was reached and called for trial. The counsel for the plaintiff, Agib Ricketts, Esq., refused to proceed, on the ground that the judge, then holding the court, was a witness, and therefore incompetent to try the case. What was said thereupon by the court, the stenographer has reported it as follows:

"I know nothing about the case; I never was concerned in it on either side; I do not even know upon what it is founded; I have no relations with either of the parties. This cause was upon the list something like a year ago, and came before me for trial. From the commencement of the case up to that time, I had been almost continuously in the county, indeed, I had been holding court

during most of our terms, and yet, I have not once been subpœnæd as a witness, either by the plaintiff or the defendant, nor had an intimation been made to me from any quarter that I knew, or was supposed to know, anything about the case. I knew nothing about it then, I know nothing about it now.

However, I was then obliged to overrule the application for a continuance, on the ground that it was not within the rule of court. Mr. Ricketts thereupon handed to me a written notice from somebody, in which it was said that he was wanted at Harrisburg, *as a witness* in a proceeding against Judge Waller, before a committee of the House of Representatives. In view of this, I thought his application ought to be regarded. He did not claim that any subpœna had been served upon him; he simply showed me a paper which he alleged had been given to him by some one passing through here on the train to Honesdale. He assured me, however, that he was to be a witness before a committee of the House of Representatives. Under this representation, and for this reason alone, I continued the case, but stated that whenever it was put upon the list again, I would try it.

To my astonishment, and, I think, to the astonishment of every one conversant with the facts, a day or two after the continuance had been had, Mr. Ricketts appeared at Harrisburg, not in the capacity of a *witness*, as he had solemnly told the court he expected to be, but in the capacity of *counsel* against Judge Waller in an attempted impeachment.

At the time—perhaps I was mistaken—I thought his conduct had been unfair with this court, and that my official action in connection with the continuance of the case in question, possibly had been a downright trampling upon the rights of the defendant, who was really at the time with his witnesses, and exceedingly anxious for trial. What explanation Mr. Ricketts may have had in the premises, if he had any, was never vouchsafed.

Thus the case stood; I have never heard anything about it since. On Tuesday last—and this, *to say the least of it*, is a remarkably singular circumstance, considering that months

have intervened between the continuance referred to, and the present term of court, thus affording the plaintiff or his counsel, abundant time for subpœnaing me, if they desired so to do. On Tuesday of this week, in the Bar office, I remarked to Mr. Ricketts, and also to Mr. Dickson, who is one of the counsel for the defendant, that I was anxious to know whether this case was to be tried, because, on the former continuance, I had agreed to try it whenever reached, and therefore I felt it to be my duty to be here; but if they were not going to try it, on the ground of the absence, or other engagements of Gen. Hoyt, I would like to be advised of the fact, as I wished to go elsewhere. Both Mr. Ricketts and Mr. Dickson expressed not only a willingness but a desire to have the case tried at this term; the latter regretted the absence of Gen. Hoyt, but said Mr. Palmer, Mr. Farnham and himself would go on.

*Within one hour* after this conversation, a subpœna was served upon me by Mr. Lance, the father of the *client of Mr. Ricketts* and plaintiff in the case. Now, it had been understood between Judge Handley, who was holding court at the time, and myself, that when the case was reached, I would try it. These facts having been thus communicated to Mr. Ricketts, just before I went to dinner, the subpœna was made to reach me on the way.

This is certainly unusual professional conduct; I have nothing to say about it; I leave it to be judged of by gentlemen who *are* conversant with professional duty, and who *always* conform to it. I sit here to-day as the President Judge of this court. This case is regularly reached; the jury are in the box; the counsel can proceed, or take non-suit, just as he pleases. If I discover, during the trial, that I have been counsel *anywhere* in the case, or that hitherto I have known *anything* about the matters involved, which would even seem to render a trial before me improper, I will protect the rights of the parties by awarding a new trial."

Mr. Ricketts declined to proceed with the case, whereupon the court charged the jury as follows:

"Gentlemen of the Jury: William L. Lance, Jr.,

brought heretofore an action on the case against Payne Pettebone, to No. 1188, January Term, 1876. A declaration was filed, a plea was entered, and thus the case was at issue. It is now regularly reached; the plaintiff himself, together with his counsel, are present; the jury has been sworn; plaintiff's counsel declines to make any presentation of the case on the side of his client. Of course if there is no showing before you to indicate that the plaintiff is entitled to recover something, your verdict should be in favor of the defendant, and as there has been no such showing, notwithstanding the opportunity has been fully offered, under the mode known to the law, you will have nothing to say, except that you find in favor of the defendant."

No reasons were filed, no motion was made in behalf of the plaintiff within the four days next ensuing after the verdict, for a new trial. On the last of the four days, the court itself entered the rule now in hand, in order that the plaintiff, or his counsel, might have the fullest possible opportunity of showing to me, by deposition or otherwise, wherein I was cognizant of matters involved in the case, thus making it proper that I should be a witness, and, hence, incompetent to try the case. Argument day came, but nothing of the kind suggested, had in the meantime been attempted. On the contrary, the plaintiff's counsel himself has repeatedly invited the discharge of the rule. He shall now be gratified.

While I am aware that the same person cannot be both *witness and judge,* in a cause, whether civil or criminal, which is on trial before him, for the manifest reason that he would be incapable of deciding impartially on the admissibility of his own testimony, or of weighing it against that of others; and while I am aware further, that it is good ground for the impeachment of a judge, who, having been subpœnæd as a witness in a case to be tried in his court, and notified of the character and expected materiality of his testimony, yet, still persists in trying the case himself, I am nevertheless not aware that a lawyer who desires to *force* a continuance of his cause, or to accomplish any other *illegitimate* purpose in connection with it, may himself, or for his client, have the judge subpœnæd, and thus attain his end. If such should become the rule, courts and suitors would be at the mercy of *bad men.*

The rule is discharged.

For Plaintiff, Agib Ricketts.

For defendant, Hon. Henry M. Hoyt, Hon. Henry W. Palmer, Alex. Farnham, Esq., and A. H. Dickson, Esq.